IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD BROOKS, | CIVIL ACTION NO. |
| Plaintiff, | 2:23-cv-1005 |
| v. | |
| WABTEC COMPONENTS, LLC, as successor to STANDARD CAR TRUCK COMPANY d/b/a BARBER SPRING COMPANY, | |
| Defendant. | |

## COMPLAINT

AND NOW, comes Plaintiff Leonard Brooks, by and through the undersigned counsel, J.P. Ward & Associates, LLC, and specifically, Joshua P. Ward Esquire, who files the within Complaint against Defendant Wabtec Components, LLC, as successor to Standard Car Truck Company d/b/a Barber Spring Company of which the following is a statement:

## PARTIES

1. Plaintiff Leonard Brooks ("Plaintiff" or "Mr. Brooks") is an adult individual who currently resides at 948 Shady Crest Road, Pittsburgh, Pennsylvania 15216.

2. Defendant Wabtec Components, LLC, as successor to Standard Car Truck Company d/b/a Barber Spring Company is a Pennsylvania Corporation with its principal place of business located at 1 McCandless Avenue, Pittsburgh, Pennsylvania 15201.

## JURSIDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

5.      Venue is proper in the Western District of Pennsylvania under 28 U.S.C. § 1391(b) in that this is the district in which the claims arose.

## FACTUAL ALLEGATIONS

6.      Defendant hired Mr. Brooks on January 24, 2022 as a Wet Grinder in its plant located at 1 McCandless Avenue, Pittsburgh, Pennsylvania 12501.

7.      On approximately August 2, 2022, Mr. Brooks was working at Defendant's plant when Plant Supervisor, Vincent Pugliese ("Mr. Pugliese") groped his buttocks.

8.      Mr. Brooks initially assumed the contact was accidental, however, when he turned around, he observed Mr. Pugliese smiling and laughing at him flirtatiously.

9.      On approximately September 23, 2022, between 9:00 p.m. and 9:05 p.m., Plaintiff was speaking with a coworker when Mr. Pugliese approached Mr. Brooks from behind and shoved a cellphone between Mr. Brooks buttocks. Mr. Brooks jumped into the air and turned around to find Mr. Pugliese laughing at him, again.

10.     Mr. Brooks angrily addressed Vincent stating, "I don't play games like that! What makes you think you can do that to me!" Mr. Pugliese responded by trying to give Mr. Brooks a "fist pound" and walked away without saying more.

11.     Mr. Brooks was extremely upset and uncomfortable following this assault and approached Paul McGee ("Mr. McGee") the top executive of the plant and Mr. Pugliese's only superior.  Mr. Brooks reported the assault to Mr. McGee and asked that Mr. Pugliese be terminated. Mr. McGee responded, "Don't do that. He was just playing around."  Additionally, Mr. McGee told Mr. Brooks that Mr. Pugliese worked at the plant for 30 years and had exhibited that type of behavior on prior occasions toward male employees.

12. The president of Mr. Brooks' union, "Jamal," told Mr. Brooks that Mr. Pugliese sexually assaulted another male employee in a similar manner prior. Jamal also stated that other male employees filed grievances against Mr. Pugliese that were ultimately dropped due to fear of retaliation.

13. Mr. Brooks subsequently reported the sexual assault to the police and filed a report.

14. After Mr. Brooks filed the police report, Mr. Pugliese called and texted him several times. Mr. Brooks did not respond.

15. After Mr. Brooks reported Mr. Pugliese's conduct, Mr. Pugliese stood in front of Mr. Brooks' machine and attempted to intimidate Mr. Brooks. Mr. Brooks had to contact management to make Mr. Pugliese leave his workstation.

16. Mr. Pugliese was ultimately terminated; however, not before causing Mr. Brooks severe emotional distress.

17. Indeed, Wabtec was aware that Mr. Pugliese had been reported for assaults and sexual advances towards males in the past, and still he remained employed. Mr. Brooks intends to prove that Wabtec is responsible for the sexual assault perpetrated by Mr. Pugliese, which were entirely foreseeable and preventable.

18. Mr. Brooks was a victim of childhood sexual abuse; thus, Mr. Pugliese's assaults caused him an inordinate amount of emotional suffering. Mr. Brooks has suffered humiliation, shame, and the reopening of traumatic wounds from his childhood and will need to seek therapy.

## COUNT I
### SEXUAL HARRASSMENT AND HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF TITLE VII

19. Plaintiff incorporates the allegations contained in the paragraphs above, as if fully set forth at length herein.

20.     Sexual harassment that creates a hostile work environment clearly violates Title VII. *Starnes v. Butler Cnty. Court of Court of Common Pleas 971 F.3d 416, 428* (3d Cir. 2020) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)).

21.     To state a successful claim for a sexually hostile work environment under Title VII, a plaintiff must allege: (1) they suffered intentional discrimination based on sex; (2) the discrimination was severe or pervasive; (3) they were detrimentally affected by the discrimination; (4) it would have detrimentally affected a reasonable person of the same sex; and (5) a basis for employer liability is present. *Id.*; *Andrews v. Philadelphia*, 895 F.2d 1469, 1482 (3d Cir. 1990).

22.     Title VII prohibits sex discrimination consisting of same sex sexual harassment. *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 78 (1999).

23.     Mr. Brooks was one in of several victims of sexual assault and harassment at the hands of Mr. Pugliese. All known victims of Mr. Pugliese were male employees. As a supervisor, Mr. Pugliese perpetuated a sexually hostile work environment toward male employees, showing a pattern of discrimination on the basis of sex.

24.     Sexual assault is the most severe form of harassment, and severe harassment is actionable under a hostile work environment claim. *Vandegrift v. City of Phila.*, 228 F. Supp. 3d 464, 485 (E.D. Pa. 2017) (citing *Meritor* 477 U.S. at 67).

25.     Mr. Brooks was sexually assaulted by Mr. Pugliese on two occasions, which proves the severity of the hostile work environment.

26.     Mr. Pugliese's actions and Defendant's breach of its duty of care had detrimental effects on Mr. Brooks.

27.     Any reasonable male in the same circumstance would have been detrimentally affected by this conduct.

28. Defendant was on notice of Mr. Pugliese's behavior, yet continued to retain him, breaching its duty of care to its employees and making it liable for sexual harassment under a theory of *respondeat superior*.

29. Mr. Brooks was one in of several victims of sexual assault and harassment at the hands of Mr. Pugliese. All known victims of Mr. Pugliese were male employees. As a supervisor, Mr. Pugliese perpetuated a sexually hostile work environment toward male employees, showing a pattern of discrimination on the basis of sex.

30. Sexual assault is the most severe form of harassment, and severe harassment is actionable under a hostile work environment claim. *Vandegrift v. City of Phila.*, 228 F. Supp. 3d 464, 485 (E.D. Pa. 2017) (citing *Meritor* 477 U.S. at 67).

31. Mr. Brooks was sexually assaulted by Mr. Pugliese on two occasions, which proves the severity of the hostile work environment.

32. Mr. Pugliese's actions and Defendant's breach of its duty of care had detrimental effects on Mr. Brooks.

33. Any reasonable male in the same circumstance would have been detrimentally affected by this conduct.

34. Defendant's actions were intentional, willful, wanton, and done in reckless disregard for the rights of Plaintiff. Defendant's actions warrant the imposition of punitive damages.

35. As a direct and proximate result of the conduct alleged herein, Plaintiff is entitled to compensatory damages, emotional distress, back pay, front pay, punitive damages and costs of suit.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgement in his favor against Defendant and to enter damages including available by law including front pay, back pay, additional compensatory damages, punitive damages, costs and attorneys' fees.

## COUNT II
### SEXUAL HARRASSMENT AND HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF THE PHRA

36. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

37. The same legal standards apply to Title VII and PHRA claims. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 791 (3d Cir. 2008).

38. Defendant's actions were intentional, willful, wanton, and done in reckless disregard for the rights of Plaintiff. Defendant's actions warrant the imposition of punitive damages.

39. As a direct and proximate result of the conduct alleged herein, Plaintiff is entitled to compensatory damages, emotional distress, back pay, front pay, punitive damages and costs of suit.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgement in his favor against Defendant and to enter damages including available by law including front pay, back pay, additional compensatory damages, punitive damages, costs and attorneys' fees.

## COUNT III
### NEGLIGENT SUPERVISION
### IN VIOLATION OF PENNSYLVANIA COMMON LAW

40. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

41. In order to recover for negligent supervision under Pennsylvania law, a plaintiff must establish "(1) a failure to exercise ordinary care to prevent an intentional harm by an employee acting outside the scope of his employment, (2) that is committed on the employer's premises, (3) when the employer knows or has reason to know of the necessity and ability to control the employee." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 488 (3d Cir. 2013) (citing *Dempsey v. Walso Bureau, Inc.*, 246 A.2d 418, 420 (Pa. 1968); *Heller v. Patwil Homes, Inc.*, 713 A.2d 105, 107-08 (Pa. Super. Ct. 1998)).

42. Negligent supervision requires a plaintiff to establish the elements of common law negligence – duty, breach, causation, and harm. *Id.* (citing *Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 42 (Pa. Super. Ct. 2000)).

43. An employer has the duty to reasonably monitor and control the activities of its employees. *Id.* Thus, an employer may be subject to liability by retaining employees of whom the employer is aware, "are in the habit of misconducting themselves in a manner dangerous to others." Restat. 2d of Torts § 317; *see also Belmont*, 708 F.3d at 488-89.

44. A claim of negligent supervision differs from that of employer negligence under a theory of *respondeat superior* as the former "provides a remedy for injuries to third parties who would otherwise be foreclosed from recovery under the principal-agent doctrine of respondeat superior because the wrongful acts of employees in these cases are likely to be outside the scope of employment or not in furtherance of the principal's business." *Belmont*, 708 F.3d at 489 (*quoting In re Am. Investors Life Ins. Co. Annuity Mktg & Sales Practices Litig.*, No. 05-3588, 2007 U.S. Dist. LEXIS 64967 (E.D. Pa. Aug. 29, 2007)); *see also Heller*, 713 A.2d at 107.

45. Defendant had a duty to its employees to exercise ordinary care in order to prevent sexual assault in the workplace.

46. Defendant was on notice of Mr. Pugliese's sexually hostile behavior and failed to terminate his employment, thus breaching this duty of ordinary care.

47. Mr. Pugliese subsequently sexually assaulted Mr. Brooks on Defendant's property.

48. Defendant's breach caused harm to Mr. Brooks.

49. Defendant's actions were intentional, willful, wanton, and done in reckless disregard for the rights of Plaintiff. Defendant's actions warrant the imposition of punitive damages.

50. As a direct and proximate result of the conduct alleged herein, Plaintiff is entitled to compensatory damages, emotional distress, back pay, front pay, punitive damages and costs of suit.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgement in his favor against Defendant and to enter damages including available by law including compensatory damages, emotional distress damages, punitive damages, costs of court, in addition to such other relief as deemed just and proper.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

*/s/ Joshua P. Ward*
Joshua P. Ward
PA I.D. No. 320347
jward@jpward.com
J.P. WARD & ASSOCIATES, LLC
201 SOUTH HIGHLAND AVE
SUITE 201

PITTSBURGH, PA 15206
TELEPHONE: (412) 545-3015
FACSIMILE: (412) 540-3399

**COUNSEL FOR PLAINTIFF**